NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAY 11 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-50449 |
| Plaintiff-Appellee, | D.C. No. 8:15-cr-00005-JVS |
| v. | |
| JOSE PENA-TRUJILLO, a.k.a. Jose Pena, a.k.a. Jose Pena Portillo, a.k.a. Jose Pena Trujillo | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Submitted May 8, 2017[**]

Before:    REINHARDT, LEAVY, and NGUYEN, Circuit Judges.

Jose Pena-Trujillo appeals from the district court's judgment and challenges

the 46-month sentence imposed following his guilty-plea conviction for being an

illegal alien found in the United States following deportation, in violation of 8

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1326.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Pena-Trujillo contends that the district court violated Federal Rule of Criminal Procedure 32(i)(3)(B) by failing to resolve a dispute regarding whether he was on parole when he committed the instant offense and was thus subject to two criminal history points under U.S.S.G. § 4A1.1(d).  We review de novo the district court's compliance with Rule 32.  *See United States v. Carter*, 219 F.3d 863, 866 (9th Cir. 2000).  The district court expressly determined that Pena-Trujillo had been on parole when he unlawfully reentered.  Accordingly, the district court satisfied the requirements of Rule 32.  *See* Fed. R. Crim. P. 32(i)(3)(B).  Moreover, the district court properly relied on the presentence report in making its determination.  *See United States v. Marin-Cuevas*, 147 F.3d 889, 895 (9th Cir. 1998) (district court may accept the presentence report as reliable evidence where the probation officer who prepared the report obtained the information from "a reliable source…had no reason to prevaricate").

**AFFIRMED.**